UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY N. HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02775-JPH-TAB |
| | ) | |
| TOM A. BLACK, | ) | |
| MARSHALL COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Further Proceedings**

Plaintiff Timothy Hatton is an inmate at New Castle Correctional Facility. He brings this action alleging constitutional violations stemming from his criminal conviction in state court. As discussed in this Order, Mr. Hatton must pay the filing fee or seek leave to proceed *in forma pauperis*. For the reasons explained below, the complaint is dismissed, and Mr. Hatton shall have **through November 30, 2020,** in which to show cause why this action should not be dismissed.

**I. Filing Fee**

Mr. Hatton shall have through **November 30, 2020**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on June 29, 2020. 28 U.S.C. § 1915(a)(2).

**II. Screening of the Complaint**

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

1

against a defendant who is immune from such relief. In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive

dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. McPhaul

are construed liberally and held to a less stringent standard than formal pleadings drafted by

lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. Plaintiff's Complaint

Mr. Hatton brings this action under 42 U.S.C. § 1983. He names two defendants: Tom

Black, his public defender, and Marshall County, the county of his conviction.

According to his complaint, Mr. Black rendered ineffective assistance of counsel and, as a

result, Mr. Hatton is incarcerated for a crime he has not committed. Mr. Hatton has already sought

to vacate his conviction through state post-conviction proceedings and a writ of habeas corpus in

this Court, but he has received no relief. He seeks damages due to his wrongful incarceration.

Any claim against Mr. Black is **dismissed**. "To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law." *West*

*v. Atkins*, 487 U.S. 42, 48 (1988). "[A]cting under color of state law requires that the defendant in

a § 1983 action have exercised power possessed by virtue of state law and made possible only

because the wrongdoer is clothed with the authority of state law." *Id.* (citation and quotation marks

omitted). Mr. Hutton's public defender defendant did not act under color of state law when

representing him in the criminal proceeding. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Nikoloff v. Ziliak*, --- Fed. App'x --- 2020 WL 6257379 (7th Cir. Oct. 23, 2020) (noting "a lawyer is not a state actor when he—like [counsel] here—performs his traditional role as counsel to a defendant in a criminal case."). Because there was no action "under color of state law" when Mr. Black represented Mr. Hatton in the state criminal proceedings, there is no viable claim for relief pursuant to § 1983.

Any claim against Marshall County is **dismissed**. "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-06 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). Mr. Black does not allege that Marshall County had an unconstitutional policy or custom that resulted in his conviction.

Finally, Mr. Hatton's claims fail because he seeks damages for wrongful incarceration, but his convictions have not been overturned. "In *Heck v. Humphrey*, 512 U.S. 477 (1994), [the Supreme Court] held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Accordingly, Mr. Hatton's complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

Mr. Hatton's complaint is dismissed for the foregoing reasons. He shall have **through November 30, 2020**, in which to **show cause** why judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").  Failure to do so will result in the dismissal of this action for the reasons set forth in this Order.

**SO ORDERED.**

Date: 11/3/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362