UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY N. HATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02775-JPH-TAB |
| ) | |
| TOM A. BLACK, ) | |
| MARSHALL COUNTY, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motion to Proceed *in Forma Pauperis* and
Granting Motion to Withdraw Complaint**

On October 26, 2020, plaintiff Timothy Hatton filed this action under 42 U.S.C. § 1983 alleging constitutional violations stemming from his criminal conviction in state court. The Court ordered Mr. Hatton to pay the filing fee or seek leave to proceed *in forma pauperis*, and to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted.

### I.   Motion to Proceed *in Forma Pauperis*

Mr. Hatton's motion for leave to proceed *in forma pauperis*, dkt. [6], is **denied** because Mr. Hatton did not attach a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2).

### II.   Motion to Withdraw Complaint

Mr. Hatton alleged in his complaint that his attorney rendered ineffective assistance of counsel and he was wrongfully incarcerated as a result. As the Court explained in its screening order, Mr. Hatton failed to state a claim for relief because his public defender is not a state actor. Dkt. 4 at 3, citing *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). The Court further noted

Mr. Hatton could not seek damages for wrongful incarceration because his convictions had not been overturned. *Id.*, citing *Heck v. Humphrey*, 512 U.S. 477 (1994).

In response to the Court's show cause order, Mr. Hatton has filed a "motion to withdraw complaint without prejudice or to amend complaint/brief." Dkt. 7. He states he has a post-conviction relief action pending in the United States Supreme Court; "is now aware the only proper relief for [ineffective assistance of counsel] is a vacation of conviction and sentence and/or a new trial;" and therefore "the actions in this cause are premature, or needs to be amended." *Id.* at 1. Mr. Hatton asks for his complaint to be withdrawn without prejudice so he can amend it after exhausting his post-conviction remedies, or "if proper, to remove any financial compensation and consider vacating my conviction and sentence." *Id.* at 2. He concludes, "I have shown that Mr. Black was deficient and prejudice in representing me. In doing so, he has violated my rights and caused me to be wrongfully convicted." *Id.*

Mr. Hatton's request for his complaint to be amended to exclude damages but vacate his conviction must be denied. A claim that challenges the fact or length of a person's confinement must be brought in a habeas corpus petition, not in an action pursuant to 42 U.S.C. § 1983. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 489−90, 494 (1973). Moreover, Mr. Hatton already challenged his conviction in a habeas action in this Court, and his petition was denied as time-barred. *Hatton v. Warden*, 1:19-cv-01737-SEB-TAB, dkts. 22, 23. A petitioner may not bring a second or successive § 2254 petition without first obtaining leave from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3); *see also Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011).

Accordingly, Mr. Hatton's motion to withdraw his complaint, dkt. [7], is **granted** to the extent that that it is **effective** as a notice of dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. No final judgment is required under these circumstances.

The clerk is **directed** to close this action on the docket.

**SO ORDERED.**

Date: 11/24/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362